LEVI A. FULLER ET AL., PLAINTIFFS IN ERROR, v. CITY OF ELIZABETH, DEFENDANT IN ERROR.

1. The payment of a city assessment under protest, will not enable the payer to recover the money so paid, upon offering to show that part of such assessment was illegal.

2. An assessment is conclusive until set aside by a direct proceeding for that purpose.

3. The case of *Davenport* v. *City of Elizabeth*, 12 *Vroom* 362, affirmed.

---

This was an action brought to recover certain moneys paid to the defendant by the plaintiffs' assignor, under the following circumstances:

Mr. Fuller became the owner of a piece of ground in the city of Elizabeth, that had been sold for non-payment of a

certain sewer assessment, at a time when the period of redemption, under the provisions of the city charter, was about to expire. The validity of this assessment was not disputed, and Mr. Fuller offered to pay it, but there were claims for other assessments on the property, and which claims, it was alleged, were clearly illegal; and these illegal demands having been paid under protest, the present suit was brought to recover such moneys.

For the plaintiff in error, *G. P. Smith* and *De Hart.*

For the defendant in error, *W. R. Wilson.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. At the trial at the Circuit, the plaintiff was non-suited, on the theory that the facts placed the case within the scope of the principle established by this court in the case of *Davenport* v. *City of Elizabeth,* 12 *Vroom* 362. This course was clearly right. The principle underlying the decision referred to is, that a payment made under one of these municipal assessments has the effect of a payment made under the coercion of legal process, and that, upon considerations of public policy, moneys so paid cannot be recovered. If the assessment be illegal, it must be resisted in a direct proceeding for that purpose. If it be allowed to stand, and the money paid which is called for by it, the party so paying loses all remedy for the illegal exaction. Nor does it help the matter to make payment under protest.

On the argument before this court, this case was sought to be discriminated from the case of Davenport by the circumstance that, in the present instance, part of the tax upon the plaintiff's property was legal, and the officials of the city refused to take such part of the claim unless the assessments alleged to be illegal were also paid. But such circumstance does not denote a distinction between the two cases, so far as legal rules are concerned. If legal process is taken out against a person on two claims, one of which is alleged to be

unfounded or illegal, and such claim be paid under protest, the slightest consideration of the principles upon which the adjudications have been founded, will satisfy any one that the money so paid cannot form the basis of a suit at law. And this court has already decided that the same result obtains where any of these assessments are paid, so long as the demand so satisfied remains unabrogated.

Let the judgment be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DIXON, KNAPP, MAGIE, PARKER, CLEMENT, COLE, DODD, GREEN—9.

*For reversal*—None.